**XUE NONG GAO, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

**No. 08–1316.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 5, 2009.

Opinion filed: Aug. 06, 2009.

---

Oleh R. Tustaniwsky, Esq., Hualian Law Offices, New York, NY, for Petitioner.

Ari Nazarov, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: FUENTES, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Xue Nong Gao petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen. For the reasons that follow, we will deny his petition for review.

### I.

Gao, a native and citizen of China, entered the United States in October 1999. He was placed into removal proceedings, and thereafter sought asylum, withholding of removal, and relief under the Convention Against Torture. In December 2001, the IJ denied Gao's application for asylum based on her finding that Gao was not credible and that he had submitted fraudulent documents in support of his claim that his wife was forced to undergo an abortion in China. In February 2003, the BIA agreed with the IJ's determination and dismissed his appeal. It does not appear that Gao sought review of the BIA's decision.

Four years later, Gao filed a motion to reopen before the BIA, alleging that he joined the China Democracy Party ("CDP") and, as a member of the CDP, had participated in protest rallies in front of the Chinese Consulate in New York City and the White House in Washington, D.C., distributed propaganda materials in the New York area, expressed his political opinion in two articles published on the

internet, and recruited members for the CDP. (J.A. 159–62.) He claimed that this behavior, coupled with the increased emphasis on prohibiting political dissent in China in recent years, warranted the reopening of his removal proceedings. (J.A. 172–80.) He also argued that, pursuant to 8 C.F.R. § 208.4(a)(4)(i)(B), he should be permitted to file a successive asylum application based on the change in his personal circumstances. (J.A. 170–71.) The BIA held that Gao had not established a change in country conditions in China, nor had he established a *prima facie* case that he would be persecuted if returned to China due to his participation in the CDP. (J.A. 18–19.) The BIA therefore concluded that Gao had not satisfied the standard for an untimely motion to reopen. (J.A. 19.) The BIA further concluded that the circumstances described by Gao did not warrant the exercise of its limited discretion to *sua sponte* reopen his asylum proceedings, and that because he was subject to a final order of removal, he was not eligible to submit a successive asylum application based on changed personal circumstances. (J.A. 18–19.) Accordingly, the BIA denied Gao's motion to reopen. Gao timely filed a petition for review.

## II.

We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Liu v. Attorney General*, 555 F.3d 145, 148 (3d Cir.2009). Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir.2002).

## III.

■ Gao's motion to reopen was clearly untimely. *See* 8 C.F.R. § 1003.2(c)(2). As the BIA held, his alleged change in personal circumstances—his membership in and activities with the CDP—will not suffice to extend the time in which to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). An exception to this rule exists for motions that rely on evidence of "changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." *Id.* While Gao may have alleged a change in country conditions in his motion to reopen, we cannot conclude that the BIA abused its discretion in denying his motion. In *INS v. Abudu*, 485 U.S. 94, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988), the Supreme Court set forth three bases on which the BIA may deny a motion to reopen:

> First, it may hold that the movant has not established a prima facie case for the underlying substantive relief sought.... Second, the BIA may hold that the movant has not introduced previously unavailable, material evidence, or, in an asylum application case, that the movant has not reasonably explained his failure to apply for asylum initially.... Third, in cases in which the ultimate grant of relief is discretionary (asylum, suspension of deportation, and adjustment of status, but not withholding of deportation), the BIA may leap ahead, as it were, over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief.

*Id.* at 104–05, 108 S.Ct. 904. As we have explained, "motions to reopen immigration proceedings are 'traditionally disfavored ...' " and therefore we "review deferentially the Board's decision not to reopen [petitioner's] case." *Sevoian*, 290 F.3d at 171–72.

■ In the instant case, the BIA concluded that Gao failed to establish a *prima facie* case of entitlement to the underlying relief sought: asylum, withholding of removal and relief under the Convention Against Torture. To that end, the BIA held: "That the respondent will be persecuted if returned to China due to his participation in the CDP is speculative in nature and he has failed to meet the 'heavy burden' of showing that a motion to reopen is warranted. The respondent has not provided adequate new information, errors of law or fact, evidence, or argument sufficient to grant the motion." (J.A. 20.) The BIA's conclusion is not "arbitrary, irrational, or contrary to law." *Sevoian,* 290 F.3d at 174.

■ Additionally, the BIA correctly held that an asylum applicant who is subject to a final order of removal may not file a successive asylum application outside of the 90–day reopening period based solely on a change in personal circumstances. *See Liu,* 555 F.3d at 150. Finally, under the circumstances presented here, we lack jurisdiction to review the BIA's decision not to exercise its discretion to *sua sponte* consider Gao's untimely motion to reopen. *See Cruz v. Attorney General,* 452 F.3d 240, 250 (3d Cir.2006).

Based on the foregoing, we will deny the petition for review.